Mr. Justice Negrón Fernández dissented.

MANUEL NEGRÓN NOGUERAS, Plaintiff and Appellant, *v.* MARIANO VILLARONGA TORO, SECRETARY OF EDUCATION OF PUERTO RICO, Defendant and Appellee.

No. 11215. Argued April 2, 1956.—Decided May 11, 1956.

274

Rafael V. Pérez Marchand for appellant. José Trías Monge, Attorney General, and Edgar S. Belaval, Assistant Attorney General, for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Act No. 14 of July 24, 1952 (Spec. Sess. Laws, p. 74) to amend § 186 of the Political Code provides for an oath of allegiance to be taken by every member of the Legislative Assembly of Puerto Rico, every executive, administrative and judicial officer, and every employee of the Government of Puerto Rico, its dependencies, boards, commissions, and organizations created by law. Insofar as pertinent the Act provides: "Every officer or employee who at the time this Act takes effect is holding his office or employment *shall proceed to take the oath above prescribed not later than January 31, 1953*, and any officer or employee who shall refuse to take the oath shall immediately cease in his office or employment." (Italics ours.)

On January 28, 1953, that is, three days before the expiration of the date granted by law to all officers or employees who were holding their office or employment to take the aforesaid oath, the appellant Manuel Negrón Nogueras filed in the Superior Court a declaratory judgment proceeding against Mariano Villaronga Toro, Secretary of Education of Puerto Rico. It is alleged in the complaint, in brief, that the plaintiff is a public-school teacher with permanent license since the school year 1939–40; that on July 16, 1947, he

received from the then Commissioner of Education of Puerto Rico the last appointment as permanent teacher and in that capacity signed his contract, and took the oath of allegiance then required by § 186 of the Political Code as amended by Act No. 93 of May 1936 ((1) p. 490), copying therein both the contract and the oath; that the defendant Secretary of Education has required him to take an oath of allegiance pursuant to the terms of Act No. 14 of 1952, before January 31, 1953, or else cease in his employment; that the plaintiff holds a life license whereby the Act would impair his contract with the People of Puerto Rico if he refuses to take the oath, all of which is in violation of § 2, par. 5 of the Organic Act of 1917; that the aforesaid Act No. 14 does not apply to him because prior to its approval the plaintiff had already taken an oath of allegiance; that Act No. 14 infringes § 7 of Art. II of the Constitution of the Commonwealth of Puerto Rico; that the plaintiff feels quite doubtful as to the scope of the requirement made by the Secretary of Education that he take a new oath of allegiance and that he is convinced, contrary to the Secretary's view, that he cannot be compelled, under penalty, to take the aforesaid oath. The complaint ends with the prayer that "judgment be rendered construing the laws and the constitutional provisions cited, which refer to and affect the 'status' of the plaintiff as a permanent public-school teacher, in order that this plaintiff may claim the rights and fulfill the duties inherent in his office without any mental reservation as a citizen of the Commonwealth of Puerto Rico."

The defendant filed a motion for summary judgment [1] "on the ground that there is no genuine issue as to any material facts and that the plaintiff is entitled to a judgment in his favor as a matter of law." In the alternative, the defendant moved the court, if the summary judgment was not rendered, to determine at the hearing of the motion the material facts as to which there was no essential controversy.

---

[1] The motion was based solely on the pleadings.

After denying that motion, the trial court reconsidered its order and rendered summary judgment declaring: (1) that Act No. 14 of 1952 is constitutional; (2) that it is applicable to the plaintiff, and (3) that he was bound to obey it or cease in his office.

Plaintiff appealed. In his brief he assigns the following errors:

"First Error: The trial court committed an error prejudicial to plaintiff in rendering, as it did, its judgment of October 9, 1953, outside the terms in which the question at issue was raised without passing on Special Act No. 47 of 1931 (Sess. Laws, p. 378) on which plaintiff and appellant based his complaint.

"Second Error: The trial court likewise erred in rendering, as it did, a judgment which is inconsistent with the allegations of the complaint and which, by its terms, deprived the plaintiff of the benefit of the Uniform Declaratory Judgment Law, and of the opportunity, requested by him, to conform his conduct to the law on the authority of which he was acting."

On the ground that these two errors are closely connected, the appellant discusses them jointly. However, as the appellee correctly points out, the appellant seems to assign two different errors in the course of the argument. The first is to the effect that the Superior Court erred in rendering a summary judgment because there was a controversy as to the facts. The error is without merit. The motion for summary judgment was presented before an answer was filed and it was not based on affidavits. The defendant admitted that there was no controversy as to the material facts. In his motion for reconsideration the defendant agreed that he admitted as true the facts alleged in the complaint. Likewise, that it stated facts constituting a cause of action for which reason it should not be dismissed but that the court should render judgment declaring the rights of the parties, whether in favor of the defendant's or of plaintiff's contentions. Once the facts of the complaint are admitted, the trial court need only determine the legal

effect and scope of Act No. 14 of July 24, 1952, in connection with plaintiff's status as permanent public-school teacher. That was precisely what the trial court did. On repeated occasions we have held that a summary judgment lies when there is no genuine issue as to any material fact to be tried. *Hernández* v. *Caraballo*, 72 P.R.R. 628, 635; *Heirs of Guerra* v. *Sánchez*, 71 P.R.R. 756, 760–61; *Commercial Casualty Ins.* v. *District Court*, 71 P.R.R. 841, 847; *Gaztambide* v. *Heirs of Ortiz*, 70 P.R.R. 388–401; *Cámara de Comerciantes* v. *Osorio*, 68 P.R.R. 616, 619. In addition to these cases see also our decision in *Fernández* v. *District Court*, 71 P.R.R. 149, 154.

██ In the second assignment of error the appellant seems to contend that (1) the Superior Court could make no pronouncement as to the power to remove the plaintiff-appellant for refusing to take the oath and, therefore, that part of the judgment was inconsistent with the pleadings, and (2) that the Superior Court should have held that the plaintiff was entitled to take the oath after judgment had been entered even when this happened subsequent to January 31, 1953.

We do not agree. The plaintiff's contention, according to the complaint, is that because of his capacity as a permanent teacher and because he had previously taken an oath of allegiance, there could not be imposed on him the obligation of taking a new oath under the terms of Act No. 14 of 1952; that he was uncertain as to the scope of the requirement made by the Secretary of Education, and that he was convinced that he cannot be compelled, under penalty, to take the oath demanded, . . . It is clear that the court was bound to make a pronouncement as to whether Act No. 14 was applicable to the plaintiff and its effects on his status as a teacher. There is, therefore, absolutely no variance between the averments of the complaint and the judgment declaring that Act No. 14 is "applicable to the plaintiff and that he was bound to obey it or cease in his

office." However, what was not involved in the case, and the trial court was not called upon to determine, was whether or not the plaintiff could take the oath after January 31, 1953, aside from the fact that the law is clear and conclusive that any officer or employee who shall refuse to take the oath on or before January 31, 1953, shall immediately cease in his office.[2] The appellant urges, and he so alleges in the complaint, that he had the intention of conforming his conduct to the law, as it might be construed by the court. However, it is most significant that he filed his complaint three days before the statutory term to take the oath expired.[3] This, in the absence of any justifiable reason for such delay, is in itself sufficient answer to the appellant's averment of good faith and willingness to comply with the law.

We have examined the cases cited by the appellant and many refer to facts which differ from those in the instant

---

[2] The oath prescribed by § 186 of the Political Code, as amended by Act No. 14, 1952 (3 L.P.R.A. § 601), reads as follows:

"OATH OF ALLEGIANCE AND OF OFFICE"

"I, ......................, ..... appointed ......................,
(Name of officer or employee) (age)        (Name of office or employment)
do solemnly swear that I will support and defend the Constitution of the United States and the Constitution and laws of the Commonwealth of Puerto Rico against all enemies, foreign and domestic, that I will bear true faith and allegiance to the same; that I take this obligation freely without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office or employment on which I am about to enter. So help me God.

..............................
(Officer or employee)
"Sworn to and subscribed before me, etc."

[3] It should be borne in mind that Act No. 14 was approved on July 24, 1952, to take effect as soon as the Constitution of the Commonwealth became effective, which means that said Act went into effect on July 25, 1952, and as we have already seen, the oath could be taken on or before January 31, 1953, therefore appellant had more than six months to question in the courts the effect of Act No. 14 on his status as teacher. As appellee correctly alleges, appellant alone was to blame that the judgment rendered in his case was not useful to him.

case and others having nothing to do with the question raised here.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.

